# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

NORTHWEST HAMILTON LAKE           )
DEVELOPMENT CO., L.L.C.,          )
                                  )
     **Plaintiff,**        )
                                  )
    **vs.**               )     **Case No. 4:04CV487SNL**
                                  )
AMERICAN FEDERAL, INC., ET. AL.,  )
                                  )
    **Defendants.**       )

## MEMORANDUM AND ORDER

Plaintiff has filed this multicount action involving a failed real estate development. This matter is before the Court on defendant American Federal, Inc.'s (hereinafter referred to as AmBanc) motion to strike (#51), filed August 26, 2005. As of today's date, there is no responsive pleading.[1]

In its motion, defendant seeks to strike the following:

> **1)** ¶¶1, 2, 4, 9, 10, 11, 12, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, 25, 26, and 28 of the Plaintiff's Statement of Disputed Facts (#48);

> **2)** ¶¶17, 18, 19, 20, 23, 26, 27, 36, 37, 38, 39, 40, 41, 43, 45, 46, and 47 of the Plaintiff's Response to AmBanc's Statement of Undisputed Material Facts (#48);

> **3)** ¶¶6, 8, 9, 10, 11, 12, 13, 14, 15, the first two paragraphs of 17, 18 and 32 of the affidavit of Kent Miller (Exhibit 1 to #47);

---

[1]On September 29, 2005 defendant AmBanc filed another motion to strike (#67) which, among other things, sought to strike plaintiff's responsive pleading to the instant motion to strike as untimely. The Court concurred and granted the motion as to this responsive pleading. *See*, Court Order #69.

**4)** the affidavit of Joseph Montel (Exhibit 2 to #47) in its entirety, or in the alternative, ¶¶14, 15, 16, 17, 19, 21, 22, 27, 28, 29, 30, 31, 32, 33, 35, 36, 38, 39, 40, 41, 42, and 44; and

**5)** plaintiff's Exhibits 4, 5, 6, 7, S, and U attached to Document #47.[2]

Defendant contends that the above-referenced statements/paragraphs violate Rule 30(b)(6) and Rule 56(e) of the Federal Rules of Civil Procedure in that they are "rife with inaccuracies, misrepresentations, unsupported factual assertions, legal conclusions, general denials, previously undisclosed documents, and factual assertions, affidavit statements which conflict with earlier sworn testimony, hearsay, and an unverified affidavit."  Defendant's Motion to Strike (#51), pg. 1, ¶3.

**Paragraphs 1, 2, 9, 10, 13, 15, 17, 18, 20, 21, 23, 24, and 25 of Plaintiff's Statement of Disputed Facts**

Defendant contends that the above-referenced paragraphs should be stricken because plaintiff has failed to establish them as material facts because the only source of "evidentiary support" is a reference to the plaintiff's amended complaint.  Defendant argues that merely relying upon the allegations in its amended complaint is not sufficient to establish material facts when challenging a summary judgment motion.  The Court concurs.

When reviewing a motion for summary judgment, a court is required to view the facts in the light most favorable to the nonmoving party, it should not accept "unreasonable inferences or sheer speculation as fact.".  Howard v. Columbia Public School District, et. al., 363 F.3d. 797,

_____

[2]In the motion (#51), defendant only lists under No. 5 (of its list of paragraphs and documents it seeks to have stricken) Exhibits 6, 7, S and U; however, in its memorandum of law in support (#52), pg. 14, subsection G and pg. 15, subsection H, it argues for the Court to strike Exhibits 4, 5, 6, 7, S and U.  The Court assumes that the failure to list Exhibits 4 and 5 was just an oversight.

800 (8th Cir. 2004). A plaintiff may not "simply point to allegations made in [its] complaint but must identify and provide evidence of specific facts creating a triable controversy. <u>Howard</u>, at 800 *quoting* <u>Jaurequi v. Carter Manufacturing Co.</u>, 173 F.3d. 1076, 1085 (8th Cir. 1999). Reliance on the allegations made in pleadings is insufficient to raise a genuine issue of material fact. *See*, <u>Green v. St. Louis Housing Authority</u>, 911 F.2d. 65, 68 (8th Cir. 1990).

Since plaintiff relies upon nothing more than the allegations made in its amended complaint as support for these paragraphs, such paragraphs must be stricken and not considered by the Court in its ultimate determination regarding the defendant's pending summary judgment motion.

### Paragraphs 17, 18, 19, 20, 23, 26, 27, 36, 37, 38, 40, 41, 43, 45, 46, and 47 of the Plaintiff's Response to Defendant's Statement of Undisputed Material Facts

Defendant contends that these paragraphs must be stricken because they are no more than general denials without any reference to the record before the Court for evidentiary support.

Upon review of the above-referenced paragraphs, the Court concurs. Plaintiff has done nothing but assert a general denial with a narrative; however, there is no citation to anything in the evidentiary record before this Court. This type of general denial fails to comply with Local Rule 4.01(E) and is unacceptable to the Court. These paragraphs will be stricken.[3]

### Paragraphs 1, 4, 6, 9, 11, 12, 13, 14, 17, 20, 22, 23, 24, 25, 26, and 28 of the Plaintiff's Statement of Disputed Facts

---

[3]In some cases, defendant has set forth more than one argument for striking a particular paragraph. The Court may strike a paragraph for one or more of these asserted grounds or simply choose one ground as sufficient for striking. If none of the grounds asserted are applicable, then the Court will note same.

Defendant contends that the above-referenced paragraphs should be stricken because they are not statements of "fact" but rather impermissible legal argument and/or conclusions. The Court concurs. *See*, Howard v. Columbia Public School District, 363 F.3d. 797, 801 (8th Cir. 2004)(When addressing a challenge to a summary judgment motion, a court can "consider only admissible evidence and disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions as fact.")(citations omitted). Instead of specifically controverting the defendant's fact statements with evidentiary support from the record, plaintiff has simply provided its own legal interpretation or conclusion. This is not a proper "Statement of Undisputed Material Facts" pursuant to local rule. For example, in Statement #1 plaintiff states: "The Conditional Commitment Notification ("Contract") was a binding contract containing all of the essential terms of a $12 million loan by Lender to Developer, including conditions for Developer to satisfy before the loan would be closed." Whether the contract contained "all of the essential terms" and/or was "binding" is a determination to be made by this Court upon review of all the evidence. Another example is Statement #4 in which plaintiff states: "Developer timely completed all of its obligations under the Contract, fulfilling all conditions therein and obliging Lender to close on the Loan." Again, the issue of timeliness is a legal issue and whether the Developer (Plaintiff) completed all of its obligations obliging the Lender (Defendant) to close the loan is again a legal determination by the Court. The Court will strike the afore-referenced paragraphs.

**Affidavit of Kent Miller (Exhibit 1 to Plaintiff's Response to Defendant's Motion for Summary Judgment)**

Defendant contends that Kent Miller's affidavit improperly contains statements which conflict with his earlier deposition testimony. Defendant seeks to strike the following paragraphs from Miller's affidavit: ¶¶10, 11, 12, 13, 14, 15, and 17.

Defendant further contends that certain paragraphs in Miller's affidavit contain impermissible hearsay. Defendant seeks to strike the following paragraphs from Miller's affidavit: ¶¶8, 9, 11, 18, and 32.

Defendant further contends that certain paragraphs in Miller's affidavit are not supported by the documents/exhibits cited. Defendant seeks to strike the following paragraphs and documents/exhibits from Miller's affidavit: ¶¶ 6, and 11; Exhibits Z and G.

Finally, defendant seeks to strike Miller's statement in his affidavit regarding damages other than the alleged $60,000.00 fee referenced in the plaintiff's amended complaint. Statements regarding damages other than the alleged $60,000.00 fee are contained within paragraphs 11 and 12 of Miller's affidavit.

It is well-established that statements in a post-deposition affidavit that conflict with earlier deposition testimony generally are considered an attempt to create a "sham" issue of material fact when challenging a motion for summary judgment. Herring v. Canada Life Assurance Co., 207 F.3d. 1026, 1030 (8th Cir. 2000); RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d. 399, 402 (8th Cir. 1995). Although ambiguities and some conflicts in deposition testimony are matters generally left to a jury to resolve, a court may not grant summary judgment "where a party's sudden and unexplained revision of testimony creates an issue of fact where none existed before." Wilson v. Westinghouse Electric Corp., 838 F.2d. 286, 289 (8th Cir. 1988); *see*, American Airlines v. KLM Royal Dutch Airlines, 114 F.3d. 108, 111 (8th Cir. 1997) *citing* Wilson, *supra*. "If a party who has been examined at length on deposition could raise an issue of fact simply by

submitting an affidavit contradicting his own earlier testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." <u>Camfield Tires, Inc. v. Michelin Tire Corp.</u>, 719 F.2d. 1361, 1365 (8th Cir. 1983); *see*, <u>KLM Royal Dutch Airlines</u>, at 111. If parties were allowed to forestall summary judgment by submitting months later an affidavit contradicting their own sworn statements in a deposition, "probably no cases would be appropriate for summary judgment.". <u>Camfield</u>, at 1365; *see also*, <u>Dotson v. Delta Consolidated Industries</u>, 251 F.3d. 780, 781 (8th Cir. 2001) *citing* <u>KLM Royal Dutch Airlines</u>, at 111 and <u>Camfield</u>, at 1364-65; <u>Herring</u>, at 1030 *quoting* <u>Camfield</u>, at 1366. However, a contradictory affidavit may create a genuine issue of material fact only after a court has determined that the prior deposition testimony evinces confusion and/or mistake on the part of the witness/affiant and the subsequent affidavit explains sufficiently the reasons for the contradictory affidavit. <u>Cuffley v. Mickes, et. al.</u>, 208 F.3d. 702, 707 (8th Cir. 2000); <u>Herring</u>, at 1030-31; <u>Francisco v. Burlington Northern Railroad Co.</u>, 204 F.3d. 787, 790 n.3 (8th Cir. 2000); <u>Camfield</u>, at 1365-66.

In the present case, the Court finds that Miller's affidavit directly contradicts his earlier deposition testimony concerning when he first had contact with the defendant and discussed closing dates. In his deposition, Miller clearly said he had not reviewed any documents prior to the deposition; yet was fairly firm that his first conversation regarding closing dates did not occur until mid-to-late January 2003. Deposition of Kent Miller (attached to defendant's memorandum in support of motion for summary judgment), pgs. 66-67. In fact, his only uncertainty was whether the conversation took place later in February or March 2003. Miller Deposition, pg. 67. However, in his affidavit, Miller now attests that he had a series of conversations regarding closing dates starting in early December 2002 and references several documents in support.

Plaintiff's Exhibit 1 (in response to defendant's motion for summary judgment) - Miller Affidavit. If Miller had any confusion at his deposition, it is not apparent; furthermore, his affidavit fails to note any mistake or confusion on his part at his deposition. Consequently, the Court will strike ¶¶ 10, 11, 12, 13, and 14 of the Miller Affidavit.

Furthermore, in his deposition, Miller stated that he had never said anything about defendant requesting more information or imposing additional conditions before closing on the loan in his conversation(s) with defendant in January 2003 (and in February 2003) or that defendant had sought to impose additional conditions not included in the subject Conditional Commitment. Miller Deposition, pgs. 52-54; 200. Yet, in his affidavit, Miller contends that several extra-contractual issues "popped up" from January through mid-to-late February 2003 which were a "pretense to avoid its **[defendant's]** obligation to close the Loan and disguise its lack of intent and known inability to make the Loan at any time since the Contract was prepared." Miller Affidavit, ¶¶14, 15, and 17. Once again, there is nothing in the deposition which evinces any confusion on the part of Miller nor anything in his affidavit which indicates that he is explaining any mistake or confusion on his part at his deposition. Consequently, the Court will also strike ¶¶ 14, 15, and 17 of the Miller Affidavit.

Next, defendant seeks to strike certain portions of the Miller Affidavit as containing hearsay. When reviewing a summary judgment motion, a court can only consider admissible evidence. *See*, <u>Henthorn v. Capitol Communications, Inc.</u>, 359 F.3d. 1021, 1026 (8th Cir. 2004)(internal citations omitted). Affidavits based on inadmissible hearsay are not sufficient to defeat a motion for summary judgment. <u>Mays v. H.G. Rhodes</u>, 255 F.3d. 644, 648 (8th Cir. 2001); <u>Cronquist v. City of Minneapolis</u>, 237 F.3d. 920, 927 (8th Cir. 2001); <u>Firemen's Fund Ins. Co. v. Thien, et. al.</u>, 8 F.3d. 1307, 1310 (8th Cir. 1993).

The Court has reviewed ¶¶8, 9, 11, 18, and 32 and finds that these paragraphs contain inadmissible hearsay. Paragraphs 8, 9, 11, 18, and 32 of the Miller Affidavit will be stricken.

Next, defendant seeks to strike ¶¶6 and 11 of the Miller Affidavit because they rely upon documents which defendant contends do not in fact support the statements made in these two (2) paragraphs. Paragraph 6 states: "On October 23, 2002, a Letter of Interest was sent to Developer **[Plaintiff]** in which American Federal Incorporated d/b/a AmBanc Commercial Services ("Lender')**[Defendant]** and CBC represented to Developer that Lender was to fund the proposed Loan itself. [Attached as Exhibit Z]." Exhibit Z is entitled **"PACKAGE C": Letter of Interest & Commercial Fee Agreement** and was sent solely by CBC to plaintiff. Defendant AmBanc neither signed this exhibit nor sent it to plaintiff. Nowhere in this document is defendant even mentioned, let alone is it stated that defendant would fund the proposed loan itself.

Paragraph 11 of the Miller Affidavit states: "The closing was originally set for December 15, 2002, before being moved to the end of 2002, and this understanding was reflected in an email dated December 18, 2002, [attached as Exhibit G]. That email also specified that the Loan needed to be closed by the end of 2002 so that Developer could avoid incurring a $160,000 tax liability." Exhibit G is an e-mail sent by Thomas A. Lavin, CPA to Joe Montel regarding Mr. Lavin's urging that the financing for the Hamilton Lake project be completed by the end of 2002. His e-mail reads:

> "Dear Joe,
>
> Please accept this email as a follow-up to our telephone conversation of earlier today. I understand that you are still trying to get the financing arrangement completed in the current year. I must impress upon you the urgency to complete this task in 2002. The Corp needs to pay the outstanding bills in order to properly reflect costs in the current period I am projecting that these costs will effect the 2002 cost of sales calculation by an amount in excess of $500,000 which will correspond to a $160,000 tax liability. Further, the conservation

easements have a 5 year carryforward provision, the easements were awarded in 2002 and the clock starts running effective 12/31/02.

If you have any questions or comments please feel free to contact me.

Sincerely,

Thomas A. Lavin, CPA"

In response, Joe Montel sent the following e-mail to Steve Mooney and John O'Brien of CBC:

"I know you are doing your very best on our behalf to close the financing with Jim France by EOY. We also understand that many facets of the closing are beyond your control. In any event, this message may assist your understanding of our perceived urgency to set a current year closing date.

Additionally, I spoke with Kent Miller last night. Kent, in turn, spoke with Bill Schnepf. It is my current understanding that the Appraisers had mistakenly believed the Appraisal was finished and published (just like we did). Hence, a signed copy will go out via overnight mail today from Verne Mitchell, and Verne will call Jim France this morning to respond to any remaining questions.

Thanks, Joe."

Nothing in this e-mail mentions any closing being set for December 15, 2002 and moved to the end of the year. Furthermore, nothing in this e-mail references any promises or obligations by defendant AmBanc with respect to any closing set for December 15, 2002 or by the end of the year.

While the Court agrees that these paragraphs are not supported by the documents cited, and in fact, the statements are inaccurate, such flaws do not make them inadmissible. The defendant cites no caselaw to support its request to strike these paragraphs and/or exhibits; nor has the Court been able to locate such caselaw. The exhibits speak for themselves, and the

referenced paragraphs will be accorded the weight they deserve. Defendant's motion to strike ¶¶6 and 11, as well as Exhibits G and Z, on this ground will be denied.[4]

Next, defendant seeks to strike references in ¶¶11 and 12 of the Miller Affidavit to damages other than the $60,000.00 fee referenced in the Amended Complaint. Specifically, defendant seeks to strike all references to a $160,000.00 tax liability which plaintiff now alleges could have been avoided if the subject closing had occurred by the end of 2002.

Since the Court has already stricken the plaintiff's proposed damages expert and the calculations contained therein, its burden to support any damage claim is a difficult one. The Court has noted that the only damages alleged in the Amended Complaint is a $60,000.00 fee. Any other damages alleged at this late date will carry little weight with the Court. The defendant's motion will be denied on this ground.[5]

Next, defendant seeks to strike, in its entirety, the affidavit of Joseph Montel because Mr. Montel should have been designated as a corporate representative at the Rule 30(b)(6) deposition along with (or instead of) Kent Miller and Andy Miller. Defendant contends that plaintiff failed to properly educate its designated Rule 30(b)(6) deponents and is now attempting to improperly inject new information into the lawsuit via Mr. Montel's affidavit. Furthermore, defendant contends that the affidavit contains numerous statements of hearsay and legal or expert opinion.

Firstly, although it appears that both Kent and Andy Miller should have been better prepared for their depositions or that Montel would have made a "better" deponent, this alone does not provide good cause to strike Montel's affidavit. Secondly, although some statements in

---

[4]The Court has already determined that ¶11 would be stricken as contradicting earlier deposition testimony.

[5]As previously noted, ¶¶11 and 12 have already been stricken on other grounds.

Montel's affidavit appear to contradict some of the deposition testimony[6], this only shows a potential flaw in the plaintiff's case. Any contradictions among plaintiff's witnesses certainly is fodder for cross-examination. However, it serves little purpose in striking Montel's affidavit because his testimony contradicts his own co-witnesses' deposition testimony.

Secondly, defendant seeks to strike the following paragraphs in Montel's affidavit as containing hearsay or referencing documents which contain hearsay: ¶¶10, 11, 12, 14, 21, 22, 27, 28, 29, 30, 31, 35, 38, and 42. The Court has carefully reviewed the referenced paragraphs and the documents in support and determines that all the documents (unless already stricken on other grounds) will remain as evidence on the record as they speak for themselves and the Court will weigh each accordingly. As for the specified paragraphs in the Montel Affidavit, the Court will strike the following paragraphs: ¶¶11, 12, 21, 27, 29, 30, 31, 35, and 38.

Finally, defendant seeks to strike the following paragraphs because they contain statements of legal conclusions or expert opinion[7]: ¶¶15, 32, 36, 39, 40, and 41. Upon review, the Court concurs and will strike ¶¶15, 32, 36, 39, 40 and 41 of the Montel Affidavit.

Next, the defendant seeks to strike the affidavit of Steve Mooney because it is unverified. Although unverified, such a document is admissible if it meets the requirements of 28 U.S.C. 1746 as an unsworn declaration. Upon review of the affidavit, the Court finds that it meets the requirements as set forth under 28 U.S.C. §1746 and therefore, it will not be stricken.

---

[6]Defendant fails to identify which Miller deposition testimony is contradicted; however, a close reading appears to indicate that it is Kent Miller's deposition testimony that defendant is referring to in its pleading.

[7]Although Mr. Montel is plaintiff's corporate attorney, he was never designated as an expert in this case.

Next, defendant seeks to strike plaintiff's Exhibits S and U for failure to produce in discovery, for containing hearsay, and for being irrelevant to any issue in dispute. Without any record regarding the discovery requested by AmBanc, the Court is unprepared to rule that these documents should have been produced. However, the Court notes that since the plaintiff is now relying upon them in response to a summary judgment motion, it appears that in hindsight plaintiff should have produced them. Even so, their lack of production is a moot issue since these two exhibits are documents generated by CBC in which conversations with AmBanc representatives are referenced. As such, these documents are inadmissible hearsay and will be stricken.

Finally, defendant seeks to strike plaintiff's Exhibits 4, 5, 6 and 7 because they are pleadings relevant to other lawsuits. Exhibits 4 and 5 are depositions from another case involving different parties and a different subject matter. Exhibits 6 and 7 are complaints filed in two (2) other cases in which AmBanc was a plaintiff in one, and a defendant in the other.

Allegations made in the plaintiff's own Amended Complaint cannot be used as evidence to defeat a summary judgment motion. If plaintiff cannot rely on the allegations in its own pleadings, this Court is certainly not going to allow plaintiff to rely on the allegations contained in pleadings filed in other lawsuits in order to defeat summary judgment in this case. Exhibits 6 and 7 will be stricken.

As for Exhibits 4 and 5, depositions in other cases can only be used in the present litigation to challenge summary judgment if such depositions involved the same parties and same subject matter. Rule 32(a)(4) Fed.R.Civ.P. Since this is not the case here, Exhibits 4 and 5 will be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant AmBanc's motion to strike (#51) be and is

**GRANTED** as follows:

> 1) Paragraphs 1, 2, 4, 9, 10, 11, 12, 13, 14, 15, 17, 18, 20, 21, 22, 23, 24, 25, 26, and 28 of the Plaintiff's Statement of Disputed Facts be and are **STRICKEN**;

> 2) Paragraphs 17, 18, 19, 20, 23, 26, 27, 36, 37, 38, 39, 40, 41, 43, 45, 46, and 47 of the Plaintiff's Response to Defendant's Statement of Undisputed Material Facts be and are **STRICKEN**;

> 3) Paragraphs 8, 9, 10, 12, 13, 14, 15, and 17, 18, and 32 only of Kent Miller's Affidavit be and are **STRICKEN**;

> 4) Paragraphs 11, 12, 15, 21, 27, 29, 30, 31, 32, 35, 36, 38, 39, 40, and 41 only of Joseph Montel's Affidavit be and are **STRICKEN**; and

> 5) Plaintiff's Exhibits 4, 5, 6, and 7; as well as Exhibit S and U only be and are **STRICKEN**.

Dated this ___9th___ day of January, 2006.

_____

SENIOR UNITED STATES DISTRICT JUDGE